# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37149

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 661 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JESSICA ANN McCARTAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction and requiring execution of unified three-year sentence with two-year determinate term on Count I and three-year indeterminate term on Count II for issuing a check without funds, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jessica Ann McCartan pled guilty to two counts of issuing a check without funds. Idaho Code § 18-3106(a). The district court imposed a unified three-year sentence with a two-year determinate term on Count I and a three-year indeterminate term on Count II, both sentences to run consecutively, suspended the sentence and placed McCartan on probation for six years. Subsequently, McCartan was found to have violated several terms of the probation, and the district court consequently revoked probation and ordered a period of retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and

1

ordered execution of the original sentence. McCartan appeals, contending that the district court abused its discretion by relinquishing jurisdiction and executing the underlying sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that to again place McCartan on probation was not appropriate. We hold that McCartan has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of McCartan's original sentence, without modification. Therefore, the order relinquishing jurisdiction and directing execution of McCartan's underlying sentence is affirmed.